MITCHELL, HENRY CLAY, Jr., Associate Judge,
dissenting.
I think the judgment should be reversed.
The question presented is whether an attorney’s admissions written in the form of a letter are admissible into evidence against his client in the client’s criminal case.
The Appellant was convicted of insurance fraud under Florida Statute 627.7375.
During the trial, the State introduced, over the Appellant’s objection, a letter written by Appellant’s previous attorney to Appellant’s insurance company in which payment on the claim was demanded. The attorney admitted writing the letter, but stated that he had no authority from the Appellant to write the letter or make the claim on the Appellant’s behalf.
*673 To support a conviction, the State must prove, as one of the essential elements, that the Appellant presented a claim for payment under his insurance policy. The letter written by Appellant’s attorney is the only evidence that a claim for payment was made.
An attorney may make admissions or statements which will affect his client provided that the statement is made during the performance of duties of his employment within his authority. See, generally, as to admissions by attorneys, 31A C.J.S. Evidence § 361, 7 Am.Jur.2d, Attorneys at Law, Section 122 and 97 A.L.R. 374.
In order to resolve this issue, one must turn to the law of agency. The answer is clear. An attorney is a mere agent and as a mere agent his authority to bind his principal by his admissions or statements depends upon the scope of his agency. See Laird v. Air Carrier Engine Service, 263 F.2d 948 (5th Cir. 1959). In order for an extra judicial statement or admission to be binding on the client, it must appear that the attorney was specially authorized in this respect and that the admission properly fell within the scope of this authorization. Carroll v. Pratt, 247 Minn. 198, 76 N.W.2d 693 (1956).
Here there was no showing that the attorney had authority to write the letter in question. Consequently, the letter should not have been admitted into evidence.
Without the letter, the State cannot prove that the Appellant made any statement in support of a false claim because there was no proof that a claim for payment was, in fact, made.
Therefore, since the evidence was not sufficient to sustain Appellant’s conviction, I would reverse the conviction with directions that Appellant be discharged.